UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY HERRLE<br>3676 E. 63rd Street<br>Cleveland, Ohio 44105 | )<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE |
| Plaintiff, | )<br>) | MAGISTRATE JUDGE |
| vs. | )<br>) | **PLAINTIFF'S COMPLAINT** |
| BEECH BROOK<br>3737 Lander Road<br>Pepper Pike, Ohio 44124 | )<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| Defendant. | ) | |

Now comes Plaintiff, Jeffrey Herrle, by and through counsel, and for a Complaint against Defendant Beech Brook, states and alleges the following:

### INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducted business in Cuyahoga County, Ohio, and a substantial part of the events or omissions giving rise to the claims occurred in Cuyahoga County, Ohio, within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a not for profit corporation registered in Cuyahoga County, Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

11. Defendant provides behavioral health services to children and their families in the greater Cleveland area as well as Lorain and Summit Counties.

12. Plaintiff Jeffrey Herrle was employed by Defendant as a mental health specialist.

13. Defendant classified Plaintiff as a non-exempt employee, and paid Plaintiff an hourly wage of $12.02 from April 2012 to April 2013 and $12.26 from April 2013 to March 2014.

14. Plaintiff regularly worked over 40 hours per week, but Defendant failed to pay Plaintiff overtime compensation for all of the hours he worked over 40 each workweek.

15. Plaintiff estimates that he worked between 50 and 55 hours per week on average between April 2012 and March 2014.

16. However, Plaintiff was instructed to report on this time cards that he worked only 40 hours per week rather than the actual hours that he worked.

17. Defendant had knowledge that Plaintiff worked more than 40 hours per week, including during the workweeks for which he was instructed to record only 40 hours.

18. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours he worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

19. By requiring Plaintiff to record 40 hours per week instead of the actual hours he worked, Defendant failed to make, keep and preserve accurate records of all of the hours worked by Plaintiff.

20. As a result of Defendant's record-keeping practices, the overtime work performed by Plaintiff is unrecorded in Defendant's time and earnings records.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 CFR 516.2(a)(7).

24. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

25. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received overtime due to him pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Sonia M. Whitehouse
Anthony J. Lazzaro (0077962)
Sonia M. Whitehouse (0088684)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
sonia@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Sonia M. Whitehouse
One of the Attorneys for Plaintiff